UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>                                      Plaintiff,<br><br>- vs -<br><br>AGFA-GEVAERT N.V. and AGFA CORP.,<br><br>                                    Defendants. | Civil Action No.<br>6:02-CV-06564 T-F<br><br>**AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Eastman Kodak Company ("Kodak"), by its attorneys Nixon Peabody LLP, and as and for its amended complaint, alleges that:

## PARTIES

1. Kodak is a corporation organized under the laws of New Jersey with a principal place of business at 343 State Street, Rochester, New York 14650.

2. On information and belief, defendant Agfa-Gevaert N.V. is a corporation organized under the laws of Belgium with a principal place of business at Septestraat 27 B-2640 Mortsel, Belgium.

3. On information and belief, defendant Agfa Corp. is a corporation organized under the laws of Delaware with a principal place of business at 100 Challenger Road, Ridgefield Park, New Jersey 07660.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. Subject matter jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1338(a).

R762651.4

5. On information and belief, defendants are and have been doing business, either directly or through their agents, in this judicial district and elsewhere in the United States.

6. Personal jurisdiction over defendants exists under New York CPLR §§ 301 and 302.

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(b), as defined by 28 U.S.C. §§ 1391(b) and (c).

## THE ASSERTED PATENTS

8. United States Patent No. 4,425,426 ("the '426 patent") entitled "Radiographic Elements Exhibiting Reduced Crossover" was issued by the United States Patent and Trademark Office ("PTO") on January 10, 1984. A copy of the '426 patent is attached hereto as Exhibit A.

9. United States Patent No. 4,425,425 ("the '425 patent") entitled "Radiographic Elements Exhibiting Reduced Crossover" was issued by the PTO on January 10, 1984. A copy of the '425 patent is attached hereto as Exhibit B.

10. United States Patent No. 4,439,520 ("the '520 patent") entitled "Sensitized High Aspect Ratio Silver Halide Emulsions and Photographic Elements" was issued by the PTO on March 27, 1984. A copy of the '520 patent is attached hereto as Exhibit C.

11. United States Patent No. 4,803,150 ("the '150 patent") entitled "Radiographic Element Exhibiting Reduced Crossover" was issued by the PTO on February 7, 1989. A copy of the '150 patent is attached hereto as Exhibit D.

12. United States Patent No. 4,994,355 ("the '355 patent") entitled "Radiographic Elements with Selected Contrast Relationships" was issued by the PTO on February 19, 1991. A copy of the '355 patent is attached hereto as Exhibit E.

- 3 -

13. United States Patent No. 4,997,750 ("the '750 patent") entitled "Radiographic Elements with Selected Speed Relationships" was issued by the PTO on March 5, 1991. A copy of the '750 patent is attached hereto as Exhibit F.

14. United States Patent No. 5,108,881 ("the '881 patent") entitled "Minimal Crossover Radiographic Elements Adapted for Varied Intensifying Screen Exposures" was issued by the PTO on April 28, 1992. A copy of the '881 patent is attached hereto as Exhibit G.

15. Kodak owns all right, title, and interest in the '426, '425, '520, '150, '355, '750, and '881 patents.

## INFRINGEMENT

### The '426, '425, and '520 patents

16. On information and belief, defendants have infringed the '426, '425, and '520 patents directly, contributorily, and/or by inducement, in this district and elsewhere in the United States, by making, offering to sell, selling, and/or using products, such as Ultravision Ci, Ultravision L, Ultravision C, Agfa Cronex 5, Agfa B Plus, Agfa CP-BU, Curix Ortho HT-G, Cronex 10T, Orthovision L, Orthovision G, Opthos H, Radiomat B Plus, Cronex 10TL, DI Image Plus Green, McKesson Clear Choice Performance Plus Medium Speed Green Film, Radiomat SG, DI Image Plus Blue, McKesson Clear Choice Performance Plus High Speed Blue Film, and Adox Green (under the foregoing trade names or other trade names), that embody and/or employ the claimed inventions of the '426, '425, and/or '520 patents.

17. Defendants' infringement of the '426, '425, and '520 patents has caused substantial injury to Kodak, for which Kodak is entitled to receive damages adequate to compensate it for such infringement.

18. On information and belief, defendants' infringement of the '426, '425, and '520 patents has been committed in a willful manner, and in deliberate and intentional disregard of Kodak's rights.

### The '150, '355, '750, and '881 patents

19. On information and belief, defendants have infringed and continue to infringe the '150, '355, '750, and '881 patents directly, contributorily, and/or by inducement, in this district and elsewhere in the United States, by making, offering to sell, selling, and/or using products, such as Agfa Curix Opthos H, that embody and/or employ the claimed inventions of the '150, '355, '750, and/or '881 patents, and will continue to do so unless enjoined therefrom by the Court.

20. Defendants' infringement of the '150, '355, '750, and '881 patents has caused and will continue to cause Kodak substantial and irreparable injury, for which Kodak is entitled to receive injunctive relief and damages adequate to compensate it for such infringement.

21. On information and belief, defendants' infringement of the '150, '355, '750, and '881 patents has been committed in a willful manner, and in deliberate and intentional disregard of Kodak's rights.

### DEMAND FOR JURY TRIAL

22. Kodak demands a trial by jury to the extent permitted by applicable law.

### DEMAND FOR RELIEF

WHEREFORE, Kodak prays that this Court enter judgment in its favor and against defendants and grant the following relief:

A. Permanently enjoin defendants, their employees and agents, and any others acting in concert with defendants, from infringing the '150, '355, '750, and '881 patents;

B.  Award Kodak its damages resulting from defendants' infringement of the '426, '425, '520, '150, '355, '750, and '881 patents;

C.  Award Kodak treble damages pursuant to 35 U.S.C. § 284 as a result of defendants' willful infringement of the '426, '425, '520, '150, '355, '750, and '881 patents;

D.  Declare this case exceptional pursuant to 35 U.S.C. § 285 and award Kodak costs and attorney fees; and

E.  Grant Kodak such other relief as is just and proper.

Dated: July 13, 2005

**NIXON PEABODY LLP**

By: /s/ Richard D. Rochford
Richard D. Rochford, Jr.
Michael F. Orman
Kristen M. Walsh

Clinton Square, P.O. Box 31051
Rochester, New York 14603
Telephone: (585) 263-1000
e-mail: morman@nixonpeabody.com

Attorneys for Plaintiff Eastman Kodak Company

R762651.4