## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **EASTMAN KODAK COMPANY,** | : | **Civil Action Number** |
| | : | **02-CV-6564 T-F** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **AGFA-GEVAERT N.V. and AGFA CORP.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## REPORT AND RECOMMENDATION
## OF THE SPECIAL MASTER
## NUMBER 2
## REGARDING:  ATTORNEY-CLIENT PRIVILEGE MATERIALS

**TO THE HONORABLR JONATHAN W. FELDMAN:**

      This Court's Order of June 13, 2005 (Docket Number 151), appointed me as special master pursuant to Rule 53(b), Federal Rules of Civil Procedure.  The Court referred certain issues to me that were raised in discovery motions filed by the parties, specifically Docket Numbers 80, 95 and 99.  This report and recommendation will address the remaining issues in Agfa's Motion to Compel (Docket Number 95)[1] that were referred to me, specifically Arguments II.A. and II.C. of Agfa's memorandum in support of its motion to compel.  This report and recommendation will also address the issues in Kodak's Motion to Compel (Docket Number 81) that were referred to me.  Specifically, the Court referred Argument II.B. of Kodak's memorandum in support of its motion to

---

[1] The remaining issue that was referred to me from Docket Number 95 ( i.e., point II.B in Agfa's Memorandum) was addressed in "Report and Recommendation of the Special Master Number 1".

compel.  I have decided to address both Agfa's and Kodak's motions in a single report because of the substantial overlap of issues, namely the attorney-client privilege and privilege logs.  I submit the following report and recommendation on these issues.

This report is based upon a review of an abundance of material submitted to me by the parties.  I have reviewed the memoranda and supporting materials submitted to the Court, as well as supplemental letter briefing that the parties provided to me.  Also, the parties participated in at least one substantive teleconference and two in-person conferences in my offices (which were transcribed by a court-reporter).  Both parties are directed to file with the Court any materials submitted to me which were not previously filed with the Court.  These filings should include complete copies of the letter briefs prepared at my request and the transcripts[2] from the two conferences held in my offices.

## I.    INTRODUCTION

The instant motions deal with the attorney-client privilege.  There are two main issues to be decided.  First, both parties contend that the other party has maintained a privilege objection where there is no mention of an attorney on the privilege log:

Agfa argues:  "Kodak has withheld as privileged a number of other documents for which no assertion of attorney-client privilege can be sustained. Indeed, Kodak has improperly asserted attorney-client privilege where its own privilege log shows no involvement by counsel."

Docket Number 95, Agfa's Mem. in Support of its Mot. to Compel at 12.

Kodak argues:  "Agfa has improperly asserted attorney-client privilege where its own privilege log shows no involvement by counsel."

---

[2] Citations to the transcript of these in-person conferences conducted on September 9, 2005 and September 20, 2005, will be referred to simply as "Tr."

> Docket Number 81, Kodak's Mem. In Support of Mot. to Compel
> at 5, heading B.

Indeed, the parties appear to agree word-for-word on the law:

> Kodak [/Agfa] bears the burden of establishing that the withheld material
> comprises: (1) a communication between client and counsel, which (2)
> was intended to be and was in fact kept confidential, and (3) made for the
> purpose of obtaining or providing legal advice. *United States v.
> Construction Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir 1996). This
> burden cannot be discharged by conclusory or *ipse dixit* assertions. *See,
> e.g., Bowne Inc. v. AmBase Corp,* 150 F.R.D. 465, 471-72 (S.D.N.Y.
> 1993).

Agfa's Memorandum at 12-13 (Docket Entry 95-3); *see also,* Kodak's Memorandum at

5-6 (almost identical language and citing the exact same cases).

The parties have submitted the documents in question for an *in camera* review.

My recommendation for each document reviewed is set forth below.

The second privilege log issue is raised by Agfa.  Agfa contends that Kodak has

improperly withheld its invention reports as privileged.  Kodak counters that Federal

Circuit law, which applies to this question, provides attorney-client privilege protection

for such invention reports.  This attorney-client privilege will be addressed below.

## II.    DISCUSSION

### A.    Kodak's Privilege Log Documents

Although both parties' arguments on the privilege log issues are similar, there is

one important difference.  With its memorandum, Kodak submitted the Declaration of

Carl O. Thomas (Docket Number 108, Ex. 3 of Attach. to Decl. of Michael F. Orman).

Mr. Thomas is a retired Kodak attorney who served in Kodak's patent department for 28

years. *Id.* at ¶ 1.  For each document that has been submitted for *in camera* review, Mr.

Thomas explains in his declaration how these documents were "prepared for purposes of obtaining advice from counsel in Kodak's Patent Department." *See Id.* at ¶¶ 9-23.  Mr. Thomas also explains that each of these documents was referred to him for evaluating potential infringement. *Id.*  In general, Mr. Thomas describes how these documents were used by his department to render legal advice.

I reviewed all of Kodak's documents submitted for *in camera* review, as well as the privilege log entries corresponding to these documents.  The documents all appear to be properly withheld as attorney-client privileged material.  This is especially true in view of the declaration of Mr. Thomas.  Therefore, Kodak should not be compelled to produce any of the documents submitted for *in camera* review.

## B.   Agfa's Privilege Log Documents

Unlike Kodak, Agfa did not submit a declaration explaining why the documents submitted for *in camera* review should be afforded the protection of the attorney-client privilege.  However, I reviewed all of Agfa's documents submitted for *in camera* review, as well as the corresponding privilege log entries.[3]  After this review, I conclude that the documents all appear to be properly withheld as attorney-client privileged material with a few minor exceptions.

First, the single pages marked with APRIV03890 and APRIV03953 appear to be file folders with no privileged information.  While both folders have a title, I do not see

---

[3] In correspondence to me, Agfa explains that documents marked with A016693 and APRIV01088 have been produced to Kodak and therefore are no longer at issue.  Letter from Burgan to Sigmond of 10/5/2005.  In addition, in a separate correspondence, Agfa explains that Agfa's claim to privilege for the document marked with APRIV03954 has not been challenged by Kodak and that the document is being submitted for my information.  Letter from Burgan to Sigmond of 6/7/2005 at 2.  Therefore, I have not reviewed these documents for a determination of whether or not they are privileged.

how this is privileged. These two single pages (and not the attachments/contents) should be produced to Kodak.

Second, I cannot see how some (not all) of the pages contained within the pages APRIV04125 through APRIV04129 are privileged. The explanation in Agfa's privilege log is not much help in this matter. It is my recommendation that Agfa should produce pages APRIV04125, APRIV04128, and APRIV04129. The other pages, APRIV04126-APRIV04127 should not be produced.

Therefore, Agfa should not be compelled to produce any of the documents submitted for *in camera* review with the exception of the following individual pages: APRIV03890, APRIV03953, APRIV04125, APRIV04128, and APRIV 04129.

### C.  Kodak's Invention Reports

Agfa seeks all invention reports that underlie the three tabular grain patents. Kodak argues that the invention reports, are protected by the attorney-client privilege. Tr. at 354. Agfa counters that the invention reports should be produced because they contain technical information that is unavailable elsewhere. Tr. at 349-350.

The privileged status of invention reports hinges on the interpretation and application of *In re Spalding,* 203 F.3d 800 (Fed. Cir. 2000*).* In briefing to the court, Kodak made a convincing argument that invention reports, as a general rule, are privileged. Agfa eventually responded, arguing that *Spalding,* when viewed in light of *Upjohn Company v. United States* 449 U.S. 383 (1981), should only be interpreted to

give invention reports the same protection as other attorney-client communications.[4] Agfa argues that Kodak interprets *Spalding* too broadly, as creating some sort of "super privilege" for invention reports.  Letter from Lowe to Sigmond of 9/29/05 at 2.

Agfa is correct that *Spalding* does not create a "super privilege" that universally protects invention reports.  *Spalding*, favorably citing *Upjohn*, states that "[w]hether the attorney-client privilege applies should be determined on a case-by-case basis."  *In re Spalding*, 203 F.3d at 805.  In light of this consideration, the Federal Circuit held Spalding's invention record to be "privileged in its entirety" because "Spalding's record was prepared and submitted primarily for the purpose of obtaining legal advice on patentability and legal services in preparing a patent application."  *Id* at 806.

While the Federal Circuit found the invention report in *Spalding* privileged in its entirety, the court analyzed whether or not the particular invention report in that case was made for the purpose of obtaining legal advice.  Thus, the Federal Circuit applies the same privilege standards to invention reports as to any other communication between an attorney and client.  This treatment is in line with a general principle adopted by the Federal Circuit that "a special rule affecting attorney-client relationships in patent cases is not warranted."  *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1344 (Fed. Cir. 2004).

However, an invention report *almost always* is a document prepared primarily for legal advice (i.e. procuring a patent).  Therefore, it is difficult to imagine an invention report that would not be privileged.  The Federal Circuit offered insight into the review of

---

[4] Agfa did not address the *Spalding* case in the briefing to the Court.  Only after I specifically requested briefing on this subject and case did Agfa submit a letter to me, addressing this Federal Circuit case.  It is still unclear why Agfa chose not to address *Spalding* in their initial briefing to the Court.

invention records or reports, stating that they "do not consider that it is necessary to dissect the document to separately evaluate each of its components." *Spalding*, 203 F.3d at 806. Citing a long line of cases, the Federal Circuit found that "[i]t is enough that the overall tenor of the document indicates that it is a request for legal advice or services." *Id.* (citing *In re Sealed Case*, 737 F.2d 94, 102 (D.C. Cir. 1984); Paul R. Rice, *Attorney-Client Privilege in the United States* § 7:1 (1993)). Elaborating, *Spalding* explains that technical information and references to prior art contained in an invention report do not render the report discoverable. *Id.*

While *Spalding* arguably leaves the door open for a case where an invention report is discoverable, this is not such a case. Like the invention record in *Spalding*, the inclusion of technical information in Kodak's invention reports does not make them discoverable. Therefore, factual information, including technical information and comparative reports which may be included in Kodak's invention reports is not discoverable *via the invention reports*. While this factual information may be discoverable from other non-privileged sources (e.g. other documents, files and/or depositions), it should not be discoverable in the invention reports.

Nonetheless, Agfa argues that principles of fairness require that Kodak produce comparative examples included in the invention reports because these examples are unavailable elsewhere. However, under *Spalding*, the invention reports should not be dissected. Thus, as indicated in the privilege log, Kodak's invention reports were created for the purpose of procuring a patent, and are therefore privileged in their entirety. This assertion of privilege is further strengthened by the Declaration of Carl O. Thomas (Docket Number 108, Ex. 3). In his declaration, Mr. Thomas presents a compelling and

thorough description of the uses Kodak made of such invention related documents.  *Id.* at ¶¶ 2-8 and 24-27.  This description is entirely consistent with the rationale in *Spalding*.

Agfa also argues that an attachment to an invention record is a separate document and therefore Kodak should produce any attachments to its invention records. Specifically, Agfa claims that comparative examples included in the invention record constitute attachments which are discoverable.  Agfa is correct that generally an attachment is a separate document.  "Merely attaching a document to a privileged or protected document does not make the attached document privileged." *Mold-Masters Ltd. v. Husky Injection Molding Systems Ltd.*, 2001 WL 1558303, at *3 (N.D. Ill. Dec. 6, 2001) (citing *O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 280 (C.D.Cal. 1999); *Leonen v. Johns-Manville,* 135 F.R.D. 94, 98 (D.N.J. 1990); *Sneider v. Kimberly-Clark Corp.*, 91 F.R.D. 1, 4 (N.D.Ill. 1980)).  Therefore, "a party objecting to the disclosure of a document with an attachment must prove that both the document and the attachment individually satisfy the requirements of the applicable privilege."  *Id.* (citing *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)).

However, documents that are prepared specifically as an attachment to an invention report are usually prepared seeking the same legal advice or services as the invention report, namely, procuring a patent.   In these cases, an attachment to an invention report will also be privileged.  In this particular case, it is unclear whether any of the comparative examples sought by Agfa even constitute an attachment to the invention report justifying separate treatment.  Further, even if documents included in the invention report constitute "attachments", no showing has been made that these documents were created for any other reason than procuring a patent.

A finding that any document included in an invention report constitutes an attachment that requires a separate privilege review could encourage artificial "cutting and pasting" of such documents during the creation of an invention report. Moreover, if any included document is an attachment requiring separate *in camera* review, the court could end up "dissecting" most invention reports, a result in direct opposition to *Spalding*. Agfa has offered no explanation as to *why* any withheld documents constitute "attachments" that must separated from the invention reports. Even assuming that Agfa could show the invention reports include attachments, Agfa has not shown why the particular documents are separately discoverable and not privileged. There is simply nothing in the record that indicates that these invention reports, or any sub-part of them, were created for any other purpose than to seek advice of counsel. They are therefore protected by the attorney-client privilege.

Finally, Agfa argues that Kodak has waived the privilege for the invention reports. However, much of what Agfa cites as a waiver was agreed to with the express condition that such disclosure would not constitute a waiver. Agfa's remaining waiver arguments are not persuasive.

Kodak's invention reports should be protected from discovery by the attorney-client privilege.

## III.    CONCLUSION

After an *in camera* review, none of the documents from Kodak's privilege log should be produced and the following individual pages of Agfa withheld documents should be produced: APRIV03890, APRIV03953, APRIV04125, APRIV04128, and APRIV 04129.  For the reasons articulated in the *Spalding* case, Kodak should not have to produce its privileged invention reports.


Dated:  April 21, 2006                    Respectfully Submitted,

                                          Special Master



                                           /s/ Leif R. Sigmond, Jr.
                                          Leif R. Sigmond, Jr.
                                          McDonnell Boehnen Hulbert & Berghoff LLP
                                          300 South Wacker Drive, 32nd Floor
                                          Chicago, IL  60606
                                          Phone:  312 913 0001
                                          Facsimile:  312 913 0002
                                          Email:  sigmond@mbhb.com