```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

EASTMAN KODAK COMPANY,

                Plaintiff,          02-CV-6564T

     v.                              **DECISION**
                                        **and ORDER**

AGFA-GEVAERT N.V. and AGFA CORP.,

                Defendants.

_____

     By motion dated November 16, 2005, defendants Agfa-Gevaert, N.V., and Agfa Corporation (collectively "Agfa") move to strike portions of plaintiff Eastman Kodak Company's Amended Complaint on grounds that the Eastman Kodak Company, ("Kodak") is estopped from bringing claims that Agfa's products infringe Kodak's U.S. Patent No. 4,425,426 ("the '426 patent"). Specifically, Agfa contends that pursuant to this Court's June 28, 2005, Decision and Order, Kodak may not assert infringement claims under the '426 patent based on the doctrine of equivalents. Kodak opposes Agfa's motion and argues that its infringement claims under the '426 patent are based on claims of literal infringement, or, in some circumstances, on doctrine of equivalents claims that were not precluded by this court's June 28, 2005 Decision and Order.

    In my June 28, 2005 Decision and Order, I held that Kodak disclaimed any emulsion in which less than 50 percent of the total projected area of the emulsion was comprised of T-grains with a thickness of less than .2 micron. In so holding, I found that Kodak, in order to win approval of the patent, distinguished its

patent against prior art in which less than 50 percent of the total projected area (specifically 47.2 percent) was comprised of T-grains with a thickness of less than .2 micron.  I therefore held that Kodak could not assert as an equivalent any emulsion in which less than 50 percent of the total projected area was comprised of T-grains with a thickness of less than .2 micron.

I further held, however, that Kodak was <u>not</u> precluded from asserting as an equivalent any emulsion in which T-grains measuring .2 micron or more in thickness comprised more than 50 percent of the total projected area.  I held that there was no intrinsic bar against the application of the doctrine of equivalents to the size component of the t-grains, and that as a result, for purposes of infringement claims made under a doctrine of equivalents theory, T-grains measuring slightly larger than .2 micron could be considered in determining whether or not T-grains measuring .2 micron covered 50 percent of the total projected area.

Because this court did not bar all potentially equivalent structures, but instead only barred one particular type of structure (emulsions in which less than 50 percent of the total projected area is comprised of T-grains with a thickness of .2 micron) Kodak may proceed with its infringement claims on any remaining theories of equivalence.  Just as a party may simultaneously plead literal infringement and infringement under the doctrine of equivalents, Kodak may assert alternative theories of infringement under the doctrine of equivalents.  The fact that this court has prohibited Kodak from asserting <u>one</u> of those

theories does not prevent Kodak from charging infringement under a separate equivalence theory.  Accordingly, I find that Kodak may proceed with its literal and doctrine of equivalents infringement claims under the '426 patent (subject to the limitations set forth in my June 28, 2005 Decision and Order), and deny defendants' motion to strike portions of the Amended Complaint.

ALL OF THE ABOVE IS SO ORDERED.

                              S/ Michael A. Telesca
                                 MICHAEL A. TELESCA
                           United States District Judge

Dated:    Rochester, New York
          June 29, 2006