UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY,

                      Plaintiff,          02-CV-6564T

       v.                                       **DECISION**
                                                    **and ORDER**

AGFA-GEVAERT N.V. and AGFA CORP.,

                      Defendants.
_____

      On April 20, 2006, Special Master Leif R. Sigmond, Jr. issued three separate Reports and Recommendations in this action. Neither party objected to Reports One and Three, and by Order dated May 26, 2006, I affirmed and adopted Reports One and Three in their entirety.

      On May 5, 2006, Kodak filed a "limited objection" to the Special Master's Second Report.[1] Specifically, Kodak objects to the Special Master's denial of its motion to compel Agfa to produce approximately 55 pages of documents that Kodak contends are not subject to the attorney-client privilege, and objects to the denial of its motion to compel the unredacted production of seven other pages of documents. Agfa has declined to produce those documents in their entirety or in unredacted form on grounds that they constitute documents that are subject to attorney-client privilege.

---

[1] Neither party has objected to the remainder of the Special Master's Second Report and Recommendation, and finding no error in the balance of the Special Master's Report, I affirm and adopt those portions to which no objection has been filed.

Kodak contends that because there is no evidence from the privilege log produced by Agfa that the documents were authored or received by attorneys, attorney-agents, or foreign patent agents, Agfa has failed to meet its burden of demonstrating that the documents at issue are subject to the attorney-client privilege.

In determining whether or not the documents at issue are subject to the attorney-client privilege, Special Master Sigmond was required to review the documents in camera. Such a review was necessary, at least in part, because Agfa failed to include a declaration by a person with knowledge of the documents who could have declared that the documents were in fact created under circumstances giving rise to protection under the attorney-client privilege. See Report and Recommendation at p. 4 ("Unlike Kodak, Agfa did not submit a declaration explaining why the documents submitted for *in camera* review should be afforded the protection of the attorney-client privilege.") Following his review of the documents, Special Master Sigmond found that all but five of the pages withheld by Agfa were subject to the attorney-client privilege, and he therefore recommended that Kodak's motion to compel should be denied except as to the five pages he identified in his Report.

Reviewing the Special Master's Report de novo, I decline to adopt the Report and Recommendation with respect to the portions to which Kodak has objected, and grant in-part and deny in-part

Kodak's motion to compel. It is Agfa's burden to establish that the documents at issue are protected under either the attorney-client privilege or work product privilege. <u>Golden Trade, S.r.L. v. Lee Apparel Co.</u>, 143 F.R.D. 514, 523 (S.D.N.Y. 1992). To establish the applicability of the attorney-client privilege, Agfa must establish that the documents reflect: "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." <u>United States v. Construction Products Research, Inc.</u>, 73 F.3d 464, 473 (2nd Cir. 1996). To establish the applicability of the work product privilege, Agfa must "show that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation." <u>Construction Products Research, Inc.</u>, 73 F.3d at 473.

In the instant case, having reviewed the documents at issue <u>in camera</u>, I find that Agfa has failed to establish the applicability of either the attorney-client privilege or the work product privilege with respect to documents APRIV03856 through APRIV03869; APRIV03891 through APRIV03930; and APRIV03973 through APRIV03975. The absence of any identification of the authors or recipients of these documents, along with the lack of any declaration from a person with knowledge of the documents stating that the documents were prepared for the purpose of litigation, or constitute communications between client and counsel, leaves the court in a

position where it can only speculate as to who wrote or received the documents, and for what purposes the documents were created. Because it is not clear from the face of the documents that the documents at issue constitute attorney work product or attorney-client communications, and because Agfa has failed supply any basis for drawing such a conclusion, I grant Kodak's motion to compel production of documents APRIV03856 through APRIV03869; APRIV03891 through APRIV03930; and APRIV03973 through APRIV03975.

With respect to the documents at issue that were produced by Agfa in redacted form, I find no basis for Agfa's withholding of documents A004260; A019614; A044218; A057138; and A060621 on the basis of attorney-client or attorney work product privilege. With respect to these documents, it is clear that the documents do not constitute attorney-client communications or attorney work-product. I deny, however, Kodak's motion to compel with respect to document A057195. The redacted portion of that document reflects attorney-client communications, and therefore, the attorney-client privilege was properly asserted for that document.

For the reasons set forth above, I decline to adopt the objected-to portions of Special Master Sigmond's Report and Recommendation, and grant in-part deny in-part Kodak's motion to compel. Agfa shall produce documents APRIV03856 through APRIV03869; APRIV03891 through APRIV03930; and APRIV03973 through APRIV03975, and shall produce in unredacted form documents A004260;

4

A019614; A044218; A057138; and A060621.  Kodak's motion to compel is denied with respect to document A057195.  Though Agfa is required to produce the documents as set forth above, I express no opinion as to whether any of the documents at issue are admissible at trial.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
July 31, 2006