UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY,

                    Plaintiff,            02-CV-6564T

          v.                              **DECISION
                                          and ORDER**

AGFA-GEVAERT N.V. and AGFA CORP.,

                    Defendants.

_____


     On April 25, 2008, this Court adopted in whole the Report and
Recommendation of Special Master Joseph Berenato, III, who, with
the parties' consent, and pursuant to Rule 53(a)(B) of the Federal
Rules of Civil Procedure, conducted the trial of this matter.  The
parties have now filed competing motions seeking entry of a final
judgment.    Defendants Agfa-Gevaert  N.V.  and  Agfa  Corp.
(collectively "Agfa") now seek entry of a judgment in their favor,
and an award of costs.  In a separate motion, Agfa seeks an award
of attorney's fees.  Plaintiff Eastman Kodak Company, ("Kodak")
cross-moves for entry of a final judgment that does not award costs
or fees to either party.  For the reasons set forth below, I deny
Agfa's motions for costs and attorney's fees, and direct the Clerk
of the Court to issue a final judgment as set forth below.

     By  adopting  Special  Master  Berenato's  Report  and
Recommendation, this court found that Agfa's products Cronex 10TL
and Orthovision G infringed upon Kodak's "T-grain" patents, that
Agfa's infringement was not willful, and that no other Agfa accused

product infringed on those patents.[1]  I further found that because Kodak did not provide Agfa with notice of alleged infringement with respect to Cronex 10TL prior to the expiration of the T-grain patents, Kodak could not establish Agfa's liability for infringement with respect to that product.  Additionally, I found Kodak's patents to be valid and enforceable.  Accordingly, although Agfa prevailed on many of the infringement claims raised in this case, I did find that Agfa may be liable for infringement with respect to Orthovision G, and that Kodak's patents are valid.[2]

Rule 54 (d)(1) of the Federal Rules of Civil Procedure provides, in relevant part that: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  In determining whether or not a party to a patent action is a "prevailing party" entitled to costs, district courts are governed by the authority of the Circuit in which they are located, rather than Federal Circuit authority, as the issue of costs does not

---

[1] The T-grain patents are U.S. Patents 4,425,425, 4,439,520, and 4,425,426.

[2] Agfa claims that no sales of Orthovision G took place in the United States after April 9, 2001, the date on which it received notice of alleged infringement from Kodak.  Therefore, Agfa contends that it may not be held liable for infringement with respect to Orthovision G.  Kodak contends, however, that the damages issue is not ripe for determination at this time because the parties agreed to determine liability before considering damages.  Kodak claims that in an effort "to put this case in proper posture for appeal" it has not challenged Agfa's assertion that no sales of Orthovision G took place after April 9, 1991.  See Plaintiff's Memorandum in Opposition to Defendant's Motion for Entry of Judgment, docket item no. 307 at p. 2-3.

pertain to patent law.  <u>Kohus v. Toys R Us, Inc.</u>, 282 F.3d 1355, 1357 (Fed. Cir., 2002)(applying law of the Circuit in which District Court was located in reviewing award of costs pursuant to Rule 54(d)); <u>Manildra Mill. Corp. v. Ogilvie Mills, Inc.</u>, 76 F.3d 1178, 1181-82 (Fed. Cir., 1996)("we have generally deferred to regional circuit law when the issue involves an interpretation of the Federal Rules of Civil Procedure, as it does here with the interpretation of "prevailing party" under Rule 54(d)).  The determination of which party is the "prevailing party" is a question of law to be decided by the court.  <u>Dattner v. Conagra Foods, Inc.</u>, 458 F.3d 98, 100 (2nd Cir., 2006).

In the Second Circuit, a plaintiff is considered to be a prevailing party if "he received actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff . . . ."  <u>LeBlan-Sternberg v. Fletcher</u>, 143 F.3d 748, 757 (2nd Cir., 1998); <u>Bristol Technology, Inc., v. Microsoft Corp.</u>, 127 F.Supp.2d 85, 93 (D. Conn., 2000). Under this standard, the plaintiff "does not necessarily have to succeed on the central issue in the litigation in order to be considered prevailing . . . ." provided that the plaintiff achieves some benefit that was sought in bringing the lawsuit.  <u>In re Omeprazole Patent Litigation</u>, 2004 WL 1782547, *1 (S.D.N.Y., August 9, 2004)(citing <u>Farrar v. Hobby</u>, 506 U.S. 103, 109 (1992); <u>See also</u>

Bristol Technology, 127 F.Supp.2d at 93 (plaintiff "'need not have succeeded on the 'central issue' in the case, . . . and need not have obtain[ed] the primary relief sought . . . .'" to be considered the prevailing party. (quoting LeBlan-Sternberg, 143 F.3d at 757)).

In the instant case, I find that neither party is a "prevailing party" for purposes of awarding costs. See Senior Technologies, Inc. v. R.F. Technologies, Inc., 190 F.R.D. 642, 643 (D. Neb. 2000)(declining to award costs in patent case "where neither side entirely prevailed"). While Kodak obtained a judicial finding that two of Agfa's products infringed Kodak's T-grain patents, the court further found that Kodak had failed to provide notice of infringement with respect to Cronex 10TL, and therefore, could not establish liability for Agfa's infringement with respect to that product. Moreover, with respect to the other infringing product, Orthovision G, Kodak did not challenge Agfa's assertion that no sales of Orthovision G took place in the United States after Agfa received notice of infringement. Accordingly, despite the finding of infringement, Kodak has failed to establish any damages, and has failed to obtain a verdict that substantially modifies Agfa's conduct in a way that directly benefits Kodak.

Nor is Agfa a prevailing party for purposes of Rule 54(d). While Agfa prevailed on many of the infringement claims that were brought against the company, two of Agfa's products were found to

have infringed Kodak's T-grain patents.  Moreover, Agfa failed to establish, as set forth in its counterclaims against Kodak, that the T-grain patents were invalid. <u>See</u> <u>e.g.</u> <u>Senior Technologies,</u> <u>Inc.,</u> 190 F.R.D. at 643-644 (denying costs to both parties where defendant, who prevailed on infringement claims, failed to establish patent invalidity as set forth in defendant's counterclaim).  Accordingly, I find that because Agfa failed to establish the invalidity of Kodak's patents, it also failed to obtain a verdict that modifies Kodak's conduct in a manner that is directly beneficial to Agfa.

With respect to Agfa's request for attorneys' fees, because neither party is a prevailing party, neither party is entitled to attorneys' fees.  Moreover, even if Agfa were to be considered a prevailing party, this case is not an "exceptional case" warranting the imposition of fees pursuant to 35 U.S.C. § 285.  <u>See</u> <u>Serio-US</u> <u>Industries, Inc. v. Plastic Recovery Techs. Corp.</u>, 459 F.3d 1311, 1321-22 (Fed. Cir., 2006)("Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct related to the matter in litigation . . . .")

For the reasons set forth above, defendant's motions for fees and costs are denied, and the Clerk of the Court is directed to enter a Final Judgment in this matter specifying that:

(1)   the defendants' products Cronex 10TL and Orthovision G
      infringe plaintiff's U.S. Patents No. 4,425,426;

(2)   the remaining accused products do not infringe plaintiff's patents;

(3)   the asserted claims of the plaintiff's patents are valid;

(4)   the asserted claims of the plaintiff's patents are enforceable;

(5)   the defendants' infringement of plaintiff's patents was not willful, and

(6)   plaintiff failed to provide defendant with notice of infringement with respect to Cronex 10TL prior to expiration of the patents in suit, and therefore, plaintiff is not entitled to damages for the infringement of those patents with respect to Cronex 10TL.


ALL OF THE ABOVE IS SO ORDERED.


                           S/ Michael A. Telesca

                           _____
                              MICHAEL A. TELESCA
                           United States District Judge

Dated:    Rochester, New York
          December 3, 2008